STATE OF WISCONSIN     CIRCUIT COURT     4     BROWN COUNTY

KIMBERLY A. NELSON
831 Flambeau Place
De Pere, WI 54115

Case No. 17-CV-109
Classification Code: 30303

Plaintiff,

-vs-

CIGNA HEALTH AND LIFE INSURANCE COMPANY
CT Corporation System
8020 Excelsior Drive, Suite 200
Madison, WI 53717

AUTHENTICATED COPY
FILED

JAN 27 2017

CLERK OF COURTS
BROWN COUNTY, WI

and

ABC Insurance Company

Defendants.

## SUMMONS

THE STATE OF WISCONSIN

To each person named above as a Defendant:

You are hereby notified that Plaintiff, Kimberly A. Nelson, has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Brown County Courthouse, 100 S. Jefferson Street, Green Bay, WI 54301, and to the Law Firm of Conway, Olejniczak & Jerry, S.C., Plaintiffs' attorneys, whose address is 231 South Adams Street, P.O. Box 23200, Green Bay, Wisconsin, 54305-3200. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien

1

against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 27th day of January, 2017.

                LAW FIRM OF CONWAY, OLEJNICZAK, & JERRY, S.C.
                Attorneys for Plaintiff, Kimberly A. Nelson

           By: _____
                Joshua M. Koch

**POST OFFICE ADDRESS**
231 South Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
(920) 437-0476
*881415.029:2488966*

STATE OF WISCONSIN     CIRCUIT COURT     BROWN COUNTY

KIMBERLY A. NELSON
831 Flambeau Place
De Pere, WI 54115

       Case No. 17-CV-109
       Classification Code: 30303

       Plaintiff,

-vs-

CIGNA HEALTH AND LIFE INSURANCE COMPANY
CT Corporation System
8020 Excelsior Drive, Suite 200
Madison, WI 53717

and

ABC Insurance Company

       Defendants.

## COMPLAINT

NOW COMES Plaintiff, Kimberly A. Nelson, by her attorneys, the Law Firm of Conway, Olejniczak, & Jerry, S.C., and as and for her Complaint against the above-named Defendants, alleges and shows to the Court as follows:

1.     Plaintiff, Kimberly A. Nelson (hereinafter "Nelson"), is an adult residing at 831 Flambeau Place, De Pere, Brown County, Wisconsin.

2.     Defendant, CIGNA Health and Life Insurance Company, (hereinafter "CIGNA") is a foreign insurance corporation duly authorized and licensed to do business in the State of Wisconsin, with its registered agent, CT Corporation System, 8020 Excelsior Drive, Suite 200, Madison, Wisconsin 53717. Said Defendant is engaged in the business of writing and selling disability insurance.

3. Upon information and belief, Defendant, ABC Insurance Company (hereinafter "ABC Insurance") is a fictitious named defendant and errors and omissions insurance company that insured CIGNA for the acts and omissions alleged in this Complaint.

4. For purposes of this Complaint, Defendants, CIGNA and ABC Insurance shall be collectively referred to as CIGNA.

5. While Nelson was employed with Canon Business Solutions – West, Inc., she received a long-term disability insurance policy through CIGNA.

6. In approximately 2006, Nelson was injured in an automobile accident and sustained cervical/disc strains in her spine. Around the same time, Nelson began suffering from migraine headaches.

7. On or about August 16, 2006, Nelson's migraines became so severe that she was hospitalized for a period of time.

8. Nelson's migraine headaches eventually became a daily occurrence—often triggered and severely exacerbated with exposure to lights, noises, and odors—that she was unable to maintain any regular employment with her then-employer. Nelson has not been able to regain employment since her departure from employment in August 2006.

9. After separating from employment, Nelson made a claim for long-term disability through CIGNA, under Plan Number LK0960075 through her employer, Canon Business Solutions – West, Inc. due to debilitating health issues.

10. Nelson's claim was initially denied; however, CIGNA reinstated Nelson's long-term disability benefits on September 9, 2010, approving benefits from February 12, 2007 through August 14, 2013.

11. On July 15, 2013, CIGNA informed Nelson that it would no longer provide benefits beyond August 14, 2013. CIGNA's denial alleged that, despite Nelson's medical conditions and restrictions, Nelson's conditions failed to meet the policy's definitions of "Disability/Disabled."

12. Nelson's policy states that an employee is disabled "if, because of Injury or Sickness,

> 1. He or she is unable to perform all of the material duties of his or her regular occupation, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings; and
>
> 2. After Disability Benefits have been payable for 24 months, he or she is unable to perform all the material duties of any occupation for which he or she may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, he or she is unable to earn more than 80% of his or her Indexed Covered Earnings.

13. After receiving CIGNA's denial, Nelson requested an appeal on April 8, 2014.

14. Upon information and belief, following Nelson's appeal, CIGNA affirmed its decision to deny Nelson's long-term disability claim on July 22, 2014.

15. Nelson met all of the eligibility requirements under the CIGNA policy and is disabled, as that term is defined under said policy. Nelson's migraine headaches are chronic, consistent, and often leave her debilitated and bedridden or hospitalized.

16. In addition to the daily migraine pain that Nelson suffers, her migraines frequently become so severe that she requires hospitalization in Green Bay or, in many cases, a specialty migraine clinic in the Chicago, Illinois area.

17. Because of Nelson's persistent and debilitating condition, she is unable to perform the material duties of any occupation and, therefore, qualifies for benefits under the CIGNA policy.

-3-

18. CIGNA had a valid contract with Nelson and breached that contract by refusing to pay her long-term disability benefits.

19. Upon information and belief, CIGNA had no reasonable basis to deny Nelson's long-term disability benefits claim and engaged in bad faith in failing to pay her claims as required under the policy.

WHEREFORE, Nelson demands judgment against CIGNA and ABC Insurance as follows:

A. For monetary judgment in the amount of all losses suffered by Nelson, or, in the alternative, all improper gains derived by CIGNA from their conduct described herein;

B. For costs, expenses, and reasonable attorneys' fees as the Court may permit; and

C. For such other relief as the Court may find fair and equitable.

## JURY DEMAND

Plaintiff demands a twelve (12) person jury trial.

Dated this 27th day of January, 2017.

THE LAW FIRM OF CONWAY, OLEJNICZAK, & JERRY, S.C.
Attorneys for Plaintiff, Kimberly A. Nelson

By: _____
Joshua M. Koch

**POST OFFICE ADDRESS**
231 South Adams Street
Green Bay, WI 54301
P.O. Box 23200
Green Bay, WI 54305-3200
(920) 437-0476

-4-

SERVED PERSONAL ~~SUBSTITUTE~~

AT _8:35A_ M THIS _8_ DAY OF _March_ 20_17_
AT THE _City_ OF _Madison_
DAVID J. MAHONEY
BY _[signature]_  Deputy Sheriff